Filed 8/8/23  P. v. Epps CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081023 |
| v. | (Super.Ct.No. FVI22003775) |
| ERICKA CHAUNTELLE EPPS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed.

Leslie Ann Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Ericka Chauntelle Epps appeals from a judgment of conviction after she pled no contest to two counts of second degree robbery and one count of assault with a semiautomatic firearm.  She also admitted personally using a firearm in connection with

1

one of the robbery counts.  We appointed counsel to represent Epps on appeal, and counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, asking us to conduct an independent review of the record.  We affirm.

## BACKGROUND[1]

Victim one listed her iPhone for sale on Facebook Marketplace and agreed to meet a potential buyer one night in October 2022.  Epps met victim one at the prearranged meeting place, drew a black handgun, and placed the gun against victim one's head.  Epps forcibly took the iPhone from victim one and told the victim to leave.  The victim later identified Epps in a photographic lineup.

Approximately one week after the first robbery, victim two contacted a person on Facebook Marketplace who was selling a car.  Victim two agreed to meet the seller to look at the car.  Epps arrived at the prearranged meeting place in a gray Honda Accord.  She pointed a black handgun at victim two and demanded all of his money.  Victim two gave her all of his money and fled in his car.  He later identified Epps in a photographic lineup.

A number of weeks later, in December 2022, victim three contacted a person on Facebook Marketplace who was selling a car.  Victim three agreed to meet the seller at the same location where the first robbery had occurred.  Epps arrived in a gray Honda Accord or Honda Civic with two other people.  She pointed a handgun at victim three and

---

[1]    The factual background is taken from the police reports regarding each offense.

demanded his money. The victim gave her his money and cell phone and fled in his car. He later identified Epps in a photographic lineup.

In December 2022, the People filed a felony complaint charging Epps with three counts of robbery and three counts of assault with a semiautomatic firearm. (Pen. Code, §§ 211, 245, subd. (b); unlabeled statutory citations refer to this code.) In connection with each robbery count, the complaint also alleged that Epps personally used a firearm. (§ 12022.53, subd. (b).) Epps initially pled not guilty to each of the charges and denied the firearm allegations.

Epps requested a hearing under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). After conducting the hearing, the trial court denied her *Marsden* motion to relieve her appointed counsel.

In February 2023, Epps filed a declaration pursuant to section 859a stating that she wanted to change her plea. She pled no contest to two counts of second degree robbery and one count of assault with a semiautomatic firearm. She also admitted the firearm allegation in connection with the first robbery count. The parties stipulated that the police reports established a factual basis for Epps's plea. After questioning Epps, the court found that she had read and understood the plea form and that she was knowingly, intelligently, and voluntarily waiving her rights.

Epps waived the preparation of a probation report and requested immediate sentencing. Consistent with the parties' plea agreement, the court sentenced Epps to a total of 18 years in prison, consisting of five years for the first robbery count (the upper

3

term), plus 10 years for the firearm enhancement; two years for assault with a semiautomatic firearm (one-third the middle term); and one year for the second robbery count (one-third the middle term). The court awarded Epps 69 days of credit, consisting of 60 days actually served and nine days of conduct credit. It also imposed fees of $210 (§ 1465.8, subd. (a)(1); Gov. Code, § 70373, subd. (a)(1)), a victim restitution fine of $300 (§ 1202.4, subd. (b)(1)), and a parole revocation restitution fine of $300 (§ 1202.45, subd. (a)), which the court stayed pending successful completion of parole. The court granted the People's motion to dismiss the remaining counts and allegations.

## DISCUSSION

Counsel's *Wende* brief identified four potential arguable issues: (1) whether Epps validly waived her right to appeal; (2) whether there was sufficient evidence to support her convictions; (3) whether the court erred by denying her *Marsden* motion; and (4) whether defense counsel provided ineffective assistance. We advised Epps that she had 30 days to file any personal supplemental brief. We received no response.

We have independently reviewed the record and find no arguable error that would result in a disposition more favorable to Epps. (*People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Accordingly, we affirm the judgment.

4

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

CODRINGTON

Acting P. J.

RAPHAEL

J.